By the Court.—McAdam, J.
The evidence shows that there was no material misrepresentations made to induce the plaintiff to execute the bill of sale. He intended to give the defendants, who were creditors of his, security for their demand against him, and it was put in the form of a bill of sale, when a chattel mortgage might have been more appropriate for the purpose intended. After the defendants received the bill of sale, they asserted their rights under it, sooner than the plaintiff expected, and as a consequence his store, stock in trade, etc., were sold to satisfy their claim. The action is to set aside the bill of sale, and a confession of judgment thereafter obtained on the ground of fraud. The defendants removed their judgment from the records by satisfaction piece duly filed, and the acts done by them are justified solely under the bill of sale.- Nothing was taken under the judgment, and as it was canceled of record, before the commencement of this action, the plaintiff required no equitable relief to be discharged *73 from. it. The bill of sale not having been procured by fraudulent representations as to material facts, the complaint was properly dismissed, not so much for the absence of allegations of fraudulent intent, as from the want of evidence of fraud in procuring the execution of the instrument. Though absolute on its face, the bill of sale was clearly intended, not as a satisfaction of the debt, but by way of mortgage only, and if the action had been to declare it a mere security for the sum due, and for an accounting of the proceeds of sale it would have been maintainable. Equity, it is true, will, in a proper case, penetrate beyond the covering of form, and look at the substance of the transaction, and treat it as it really and in essence is, and was intended to be and as it should have been declared in the papers, for, a a writing, like the phonograph, should record the true expressions and intentions of the parties as they made and proclaimed them. Where it does not, reformation is the remedy. There may be trouble in furnishing satisfactory proof of fraud or mutual mistake—none with the remedy if the required proof is sufficient. The difficulty here is, that if the bill of sale had been a chattel mortgage, the defendants might have done the same acts under it as were performed under the bill of sale, that is taking possession and selling the property to the highest bidder. The mortgagee would have been liable, however, to a suit in equity calling them to account for the proceeds of sale. Jones on Chatt. Mort's, § 353. The present suit is not for reformation and account, but is founded on fraud to avoid the instrument altogether, and for damages as if no writing whatever had been executed or intended to be executed. The plaintiff is not entitled to that broad relief on the evidence. As the instrument executed, and that intended to have been given, concerned personal property, and would in either event have produced the same result, the variance of form is in the present instance of no practical impor *74 tance. It follows that the judgment appealed from must be affirmed, with costs.
Freedman, J., concurred.